O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PATRICK MITCHELL, | ) NO. CV 10-8491-SVW (MAN) |
| Petitioner, | ) |
| v. | ) ORDER:  DISMISSING PETITION |
| JAMES YATES, WARDEN, | ) WITHOUT PREJUDICE; AND DENYING |
| Respondent. | ) CERTIFICATE OF APPEALABILITY |
| _____ | ) |

On November 8, 2010, a habeas petition, brought pursuant to 28 U.S.C. § 2254, was filed in this Court ("Petition").  Although the Petition purports to be filed on behalf of Sean Patrick Mitchell, a California state prisoner ("Mitchell"), Mitchell has not signed the Petition or submitted any document indicating that he has authorized, or is aware of, its filing.  Rather, the Petition has been prepared and signed by someone named "Kwasi Seitu" ("Seitu").

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court." Here, it is readily apparent that the Petition suffers from numerous defects and is unexhausted, and thus, its summary dismissal is required under Rule 4.

I.   The Petition Is Procedurally Defective.

A habeas petition brought under Section 2254 must be signed by the petitioner or someone authorized to sign it for him or her pursuant to 28 U.S.C. § 2242.   Rule 2(c)(5) of the Rules Governing Section 2254 Habeas Cases in the District Courts, 28 U.S.C. foll. § 2254.   Here, the Petition is not signed by Mitchell and, instead, is signed by Seitu.

Seitu's relationship to Petitioner is unknown; neither the Petition nor any of its accompanying documents indicate what, if any, relationship exists between the two men.   On Page 2 of the Petition, Seitu indicates that he resides in Washington, D.C.   Seitu does not state that he is an attorney, much less an attorney authorized to practice in this Court, and he is not admitted to practice in California.[1]

Generally, non-lawyers may not represent other persons in court. *See, e.g.,* Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008)("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a

---

[1]   Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the membership records of the State Bar of California and the District of Columbia Bar available through their respective websites, neither of which include anyone named Kwasi Seitu as a member.

representative capacity"). Local Rule 83-2.10.2 expressly prohibits a *pro se* litigant from delegating his representation to any other person. Because Seitu is not a lawyer authorized to practice in this Court, he may not pursue relief on behalf of Mitchell through the instant Petition. *See* <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987)(a layperson acting in *pro per* may not appear or seek relief on behalf of others); <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966)(same).

Seitu also has not sought or obtained "next friend" status. Next friend status "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163, 110 S. Ct. 1717, 1727 (1990). There are two "'firmly rooted prerequisites'" that must be met before a next friend can be appointed: (1) the putative next friend must provide an adequate explanation, such as mental incompetence or other disability, regarding why the real party in interest cannot appear on his own behalf; and (2) the putative next friend must be "'truly dedicated to the best interests of the person on whose behalf he seeks to litigate,'" which likely requires the existence of a "'significant relationship'" between the two persons. <u>Dennis ex rel. Butko v. Budge</u>, 378 F.3d 880, 888 (9th Cir. 2004)(quoting and relying on <u>Whitmore</u>). The burden of establishing these two requirements is on the putative next friend. <u>Whitmore</u>, 495 U.S. at 164, 110 S. Ct. at 1727. Because the standing of a next friend is a jurisdictional issue, the Court lacks jurisdiction if these requirements are not satisfied. *Id.; see also* <u>Dennis</u>, 378 F.3d at 888 n.5.

Seitu has not met his burden of establishing these two

requirements.  With respect to the first requirement, although Seitu asserts that Mitchell is "severely handicapped" based on a genetic disorder, and conclusorily asserts that Mitchell cannot prepare and file a habeas petition (*see* Petition at 3), no competent evidence has been presented that Mitchell is not mentally or physically competent to pursue habeas relief on his own behalf.  Mitchell has not submitted a declaration, and no medical records or other probative evidence has been presented.  *See* Dennis, 378 F.3d at 889 (if next friend status is sought based on the petitioner's alleged mental incapacity, the putative next friend must present "'meaningful evidence' that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision'")(citations omitted).

Even if, however, the Court could assume, *arguendo*, that it is possible the first Whitmore requirement could be met if competent evidence were to be adduced, the second requirement is not established, and there is no reason to believe that it can be established.  There is no declaration or other evidence before the Court indicating that Mitchell is acquainted with Seitu, much less that they have a significant relationship and/or that Seitu is truly dedicated to Mitchell's interest.  As Seitu is not a lawyer, there is no basis for finding that he will be able to provide Mitchell with adequate representation in a habeas proceeding.  In addition to his *pro se* status, Seitu resides on the other side of the country and lacks the means to pursue this action on Mitchell's behalf.  With the Petition, Seitu has filed a declaration in which he states, under penalty of perjury, that he:  cannot afford the $5.00 filing fee for this case; was last employed as a cook in 2009, and earned less than $10,000 a year;

4

and has no source of income.  The declaration also states that Mitchell has no funds.

"[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978). Mitchell is not entitled to have an unlicensed lay person represent him in this Court, and Seitu may not sign pleadings or receive Court documents on Mitchell's behalf.

Under these circumstances, there is no basis for finding that Seitu may bring and pursue this habeas action on Petitioner's behalf.  As a result, jurisdiction is lacking and the Petition should be dismissed.

II.  The Petition Appears To Be Substantially Untimely

The Petition alleges that Mitchell:  was convicted in the Los Angeles Superior Court in April 1997 (Case No. BA096950); filed an appeal in the California Court of Appeal and raised five claims (Case No. B111391); and then appealed to the California Supreme Court. (Petition at 3-4, 6.)  The Petition further alleges that Mitchell has not sought state habeas relief.  (Petition at 6.)  The dockets for the California Court of Appeal and the California Supreme Court show that Mitchell filed:  a notice of appeal on April 23, 1997, and the California Court of Appeal affirmed his conviction on April 30, 1999 (Case No. B111391); and a petition for review on June 7, 1999, which the

5

1  California Supreme Court denied on August 11, 1999 (Case No. S079478).[2]

2

3      Mitchell's judgment became "final," for purposes of the governing

4  limitations period -- 28 U.S.C. § 2244(d)(1)(A) -- on the expiration of

5  his time to appeal.  Randle v. Crawford, 578 F.3d 1177, 1183-86 (9th

6  Cir. 2009).  Once the California Supreme Court denied review on August

7  11, 1999, Mitchell's state conviction became "final" 90 days later,

8  *i.e.*, on November 9, 1999.  *See, e.g.*, Zepeda v. Walker, 581 F.3d 1013,

9  1016 (9th Cir. 2009); Townsend v. Knowles, 562 F.3d 1200, 1203 (9th

10  Cir.), *cert. denied*, 130 S. Ct. 193 (2009).  Therefore, Mitchell had

11  until November 9, 2000, in which to file a timely federal habeas

12  petition.  As the instant Petition was not filed until November 8, 2010,

13  it is untimely by ten years, absent tolling.

14

15      The Petition does not allege that Mitchell filed any state habeas

16  petitions, and it affirmatively alleges that Mitchell did not file a

17  habeas petition in the California Supreme Court.  (Petition at 6.)  The

18  dockets for the California Court of Appeal and the California Supreme

19  Court do not reflect the filing of any habeas action by Mitchell.  Thus,

20  Mitchell's limitations period cannot be statutorily tolled pursuant to

21  28 U.S.C. § 2244(d)(2).

22

23      There also is no adequate basis for finding that a ten-year period

24  of equitable tolling is warranted.  Seitu alleges that, prior to 2007,

25  Mitchell was unaware that the foregoing appeals had been filed.

26

27          [2]      Pursuant to Rule 201 of the Federal Rules of Evidence, the
   Court has taken judicial notice of the contents of the electronic
   dockets available at http://appellatecases.courtinfo.ca.gov for the
28  California Supreme Court and the California Court of Appeal.

6

(Petition at 5-6.)   Seitu also alleges, without explanation, that Petitioner has been "deprived of reasonable access to the courts by" California correctional officials.   (Petition at 3.)   There is no competent evidence before the Court, however, regarding Mitchell's awareness of his appeal proceedings, much less regarding what efforts, if any, he took in the over 13 years following his conviction to pursue post-conviction relief and, critically, of any impediments he faced in his efforts to pursue such relief.   Thus, on the record before it, the Court could not find the requisites of the equitable tolling doctrine satisfied.  *See, e.g.,* " Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010)(a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing"; citation omitted).   While it is possible that evidence bearing on the equitable tolling issue could be adduced were further proceedings conducted, there is no reason to order the submission of evidence regarding any equitable tolling issue at this time, because the dismissal of the Petition is required both for lack of jurisdiction, as discussed above, and for lack of exhaustion, as discussed below.

III.   The Petition Is Unexhausted.

      Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.   28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We

7

1    may review the merits of Petitioner's habeas petition only if he

2    exhausted state court remedies."). "[T]he exhaustion doctrine is

3    designed to give the state courts a full and fair opportunity to resolve

4    federal constitutional claims *before* those claims are presented to the

5    federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct.

6    1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S.

7    27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the

8    chance to pass upon and resolve violations of his federal rights, a

9    state prisoner must exhaust his available state remedies before seeking

10   federal habeas relief). A state prisoner seeking relief with respect to

11   a California conviction is required to "fairly present" his federal

12   claims to the California Supreme Court. *See id.* at 29, 124 S. Ct. at

13   1349 (a state prisoner must fairly present his claim to a state supreme

14   court having the power of discretionary review); Keating v. Hood, 133

15   F.3d 1240, 1242 (9th Cir. 1998).

16

17        The Petition alleges that Mitchell raised the following five claims

18   on appeal: (1) the trial judge erred in precluding Petitioner from

19   walking before the jury; (2) the pretrial identification procedures

20   substantially tainted the identification testimony at trial; (3) the

21   evidence was insufficient to support two of the five convictions

22   regarding one victim, the sodomy conviction regarding another victim,

23   and the robbery convictions as to two other victims; (4) the trial court

24   erred by failing to instruct the jury, *sua sponte*, on a lesser included

25   offense; and (5) Mitchell's sentence violates the Cruel and Unusual

26

27

28

1    Punishment Clause.[3]  (Petition at 5.)

2

3         The Petition alleges the following six claims:  (1) Mitchell was a

4    victim of the "Rampart Scandal," by which the Los Angeles Police

5    Department ("LAPD") subjected Black and Latino persons to illegal and

6    unconstitutional conduct, including illegal stops, robbery, false

7    arrests, planting evidence, destroying evidence, the infliction of

8    physical violence, and the use of deadly force; (2) Los Angeles police

9    officers violated Mitchell's Fourth, Sixth, and Fourteenth Amendment

10   rights through the fabrication of crimes, evidence, and alleged victims;

11   (3) the LAPD and the District Attorney's Office deprived Petitioner of

12   his Fourth, Sixth, and Fourteenth Amendment rights by destroying

13   exculpatory evidence and fabricating crimes, evidence, victims, and

14   testimony; (4) the trial judge colluded with the police and prosecutors

15   to deprive Petitioner of his First, Fourth, Fifth, Sixth, Thirteenth,

16   and Fourteenth Amendment rights by excluding Blacks from the jury,

17   allowing the joinder of the cases involving all 19 victims, suppressing

18   Petitioner's physical illness, destroying evidence, suborning perjury by

19   the police and the alleged victims, and removing competent defense

20   counsel and appointing incompetent and ineffective counsel; (5) the

21   Department of Justice has determined that the conditions in Los Angeles

22   at the time of Mitchell's trial "rendered the state court proceedings

23   suspect and incapable of producing a fair and reliable result with

24   regard to criminal prosecutions"; and (5) the State of California has

25   failed to maintain the record of Petitioner's trial and appeal.

26

27         [3]    The Petition alleges that Mitchell was convicted based on a
     109-count indictment "alleging the kidnap, rape, sodomizing, copulation,
28   and robbery of nineteen (19) women," and he received numerous life
     sentences.  (Petition at 3.)

(Petition at 5.)

Thus, the face of the Petition shows that the above six claims now alleged are not the same claims raised by Mitchell on appeal over ten years ago.  Indeed, the Petition alleges that the claims based "the fabrication of evidence, the destruction of exculpatory evidence, the inappropriate joinder of cases, the denial of competent and effective counsel, the exclusion of Blacks from the jury, and ineffective assistance of counsel were not raised in the appeal(s)."  (Petition at 6.)  Although Seitu alleges, without explanation, that "three of [Mitchell's] issues" were "purportedly raised" in his state appeal (*id.*), the Petition's description of the five claims raised on appeal establishes that those claims differ markedly from the six claims now alleged in the Petition.[4]  Accordingly, the Petition is fully unexhausted.

The state high court has not been afforded a chance to rule on the claims alleged in the Petition, and Mitchell has failed to exhaust his available state court remedies.  Accordingly, the Petition must be

---

[4]     There is only one arguable overlap between Mitchell's claims raised on appeal and the claims alleged in the Petition.  On appeal, Mitchell asserted that the trial court committed error by precluding Petitioner from walking before the jury.  (Petition at 5.)  Here, the Petition alleges that the trial judge, acting in collusion with police and prosecutors and for the purpose of depriving Mitchell of his First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights, "suppress[ed]" Mitchell's "physical illness."  (Petition at 5.)  Regardless of any factual overlap between the claim raised on appeal and the present claim, the two claims are materially different and rest on different legal theories; one alleges state law error, and the other alleges the trial judge's commission of wide-ranging federal constitutional violations in collusion with law enforcement and prosecutors.  Hence, the present claim attacking the trial judge cannot be deemed to have been fairly presented.

dismissed without prejudice. <u>Rose</u>, 455 U.S. at 522, 102 S. Ct. at 1205. If Mitchell does properly exhaust his claims by fairly presenting them to the California Supreme Court, he may file, following that court's ruling, a *new* habeas petition in this Court.[5]

For the foregoing reasons, IT IS ORDERED that:  the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case under the applicable standards. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: <u>January 27, 2011</u> .

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[5]     Because the Petition is fully unexhausted, the stay-and-abeyance procedure may not be invoked in this case, and dismissal is required. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006).

11